## THE TRUSTEES OF EAST NEWARK COMPANY *vs.* HIRAM GILBERT and others.

An injunction was obtained on the ground that a conveyance of certain lots had been fraudulently obtained from the complainants by the defendants. The equity of the bill was denied in the answer, and this denial was partly sustained by the statements in the bill. It also appeared that complainants had been aware of the alleged found for a considerable time before they exhibited their bill.

*Held,* that injunction must be dissolved.

That this case was not an exception to the general rule, that an injunction will be dissolved where the equity of bill is answered.

That if complainants supposed they had any equity, they should have filed their bill promptly.

*A. Whitehead,* for motion.

*E. W. Whelpley,* contra.

THE CHANCELLOR. This injunction must be dissolved. The equity of the bill to support the injunction rests upon the alleged fact, that the 500 lots were conveyed to the defendants, Gilbert and Smith, to enable them to raise funds to complete the improvements upon the land, and that, immediately after the conveyance was made, they ceased the improvements, and declared they had made all the improvements they were bound to make. This equity is denied. It is denied that the lots were conveyed to them upon any such agreement as is alleged; but the defendants insist they had paid for the lots, and that the conveyance was made absolutely and unconditionally.

It is insisted, that although the equity is denied, that this case is properly an exception to the general rule— that, upon the denial of the equity of the bill by the answer, the injunction should he dissolved.

But upon a careful examination of the bill, it will be found that there are some facts stated in it which correspond with the facts stated in the answer in reply to the

complainants' alleged equity, and which strengthen the defendants' right to the full benefit of their denial of that equity.

The bill states that the defendants proposed that the complainants should convey 1000 lots ; that the complainants refused the proposition, and that then the directors resolved to convey to the defendants, Gilbert and Smith, the 500 lots *absolutely* and *unconditionally*, and that it should be the duty of the president of the company, whenever he should consider Gilbert and Smith should fail or neglect to perform their contracts with the company, to take immediate measures to notify them of such neglect, and require from them a strict performance according to their several agreements.

The bill further admits, that when Anthony Dey delivered the deed to Hiram Gilbert, Dey expressed the hope that the defendants would go on immediately, as he now had funds to make the improvements ; to which Gilbert replied, that he had performed all his covenants, and was not bound to do anything more.

Now, although the foundation for this injunction is, that the defendants procured the deed *fraudulently*, upon the pretence that they wanted the lots to raise funds to enable them to carry out the improvements, yet we have the fact, that when the deed was delivered, the president expressed the *hope* that they would proceed with the improvements ; that the defendants promptly denied their obligation to do so, and that then the president left the matter without an expression of surprise or a word of remonstrance.

Again, notwithstanding this prompt repudiation, on the part of the defendants, of having accepted the deed on the terms alleged, they are permitted to exercise acts of ownership over the lots—to sell them and to mortgage them. On the 5th of October, 1857, nearly four years after the conveyance, this bill is filed setting up this alleged fraud. It is not filed until after a bill is exhibited,

on the part of the defendants themselves, in which the matter of this conveyance is involved, and in which bill the complainants are charged with fraudulently refusing to convey to the defendants other lots, to which they claim the right to have conveyed to them. If the complainants really supposed they had any equity, they should have filed their bill promptly when they first discovered the fraud, or, at any rate, they should have filed a cross-bill in the suit commenced by the defendants. They waited nearly a year, until the testimony was taken and the cause ready for hearing.

The equity of the bill is denied, and the defendants are well entitled to the benefit of such denial. The injunction must be dismissed with costs.